[Cite as *State v. Brownlee*, 2018-Ohio-3308.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 106395

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**EDDIE D. BROWNLEE**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-601477-A

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** August 16, 2018

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road, #613
Cleveland, Ohio   44118


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Hannah Smith
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Eddie Brownlee appeals his conviction for three counts of drug trafficking under R.C. 2925.03 and three counts of possession of criminal tools that accompanied each of the individual trafficking counts (a 2006 Dodge Durango, a digital scale, money, and Pyrex glassware were used for the purpose of drug trafficking). All of Brownlee's convictions stemmed from three separate controlled-drug buys conducted over a period of weeks. Brownlee was sentenced to a one-year prison term on each of the six counts, which are to be served consecutively.

**{¶2}** The city of Euclid police officers arrested two drug dealers. Upon being arrested, the two offenders became confidential informants and agreed to assist police officers in apprehending their supplier, Brownlee. On three separate occasions, the confidential informants participated in police-supervised purchases of less than five grams of cocaine from Brownlee or his accomplice. In the first two transactions, Brownlee handled the sale. On the third one, Brownlee's accomplice conducted the transaction, but when police officers arrested Brownlee immediately after the sale, he possessed the marked bills that were used by the informants to purchase the drugs.

**{¶3}** In the first assignment of error, Brownlee claims that one of the surveilling officers who testified at trial should not have been permitted to discuss his observations of the drug transaction because those observations were inadmissable under Evid.R. 801(C). That evidentiary rule precludes the admission of statements other than one made by the declarant while testifying at trial that are offered to prove the truth of the matter asserted.

{¶4} Brownlee did not object to that portion of the officer's testimony, and therefore, Brownlee has waived all but plain error. Plain error, however, is not to be invoked except in the "utmost caution, under exceptional circumstances and *only* to prevent a manifest miscarriage of justice." (Emphasis sic.) *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 23. This is not that case in light of the limited nature of the officer's testimony regarding the methods and procedures used during controlled-drug purchases. More to the point, the jurors viewed the video surveillance depicting the controlled purchases in which Brownlee was identified as the seller or acting through an accomplice, and a police officer's firsthand observations of illicit conduct in controlled-buy situations are generally admissible. *See, e.g., State v. Tomlinson*, 8th Dist. Cuyahoga No. 83411, 2004-Ohio-3295, ¶ 22; *State v. Locke*, 11th Dist. Lake No. 2014-L-053, 2015-Ohio-1067, ¶ 62. The first assignment of error is overruled.

{¶5} In the second assignment of error, Brownlee claims there is insufficient evidence linking him to the three drug transactions in which he or his accomplice sold cocaine to the confidential informants.[1] Brownlee contends that because the confidential informants were criminals and there was inconsistent testimony regarding Brownlee's involvement, his convictions are not supported by sufficient evidence. He also argues that the state failed to introduce the weight of the cocaine for the purpose of supporting the felony-level offense.

{¶6} A claim of insufficient evidence raises the question of whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing a sufficiency challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any

---

[1]Brownlee also discusses the sufficiency of the evidence with respect to the manufacturing drugs count, but he was acquitted of that charge.

rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶7}** R.C. 2925.03(A)(1) provides that no person shall knowingly sell or offer to sell a controlled substance. If that controlled substance is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of R.C. 2925.03 is guilty of trafficking cocaine, which defaults as a fifth-degree felony offense unless greater than five grams of the cocaine compound or mixture are involved. R.C. 2925.03(C)(4)(a). Brownlee was convicted of trafficking under R.C. 2925.03(C)(4)(a), and therefore, his claim that the felony-level offense must be reduced to a misdemeanor because there was limited testimony on the amounts of the cocaine he sold to the confidential informants is without merit. Brownlee was convicted of the lowest level felony offense for trafficking cocaine, and regardless, there was evidence that each purchase involved a little over three grams (about an eighth of an ounce) of cocaine. Although the trace amounts of cocaine found on the criminal tools were not weighed, Brownlee was not convicted of the possession, or for the sale, of those trace amounts.

**{¶8}** Inasmuch as Brownlee challenges the credibility of the police officers and the confidential informants, who themselves are drug dealers, we cannot consider such concerns within the context of a sufficiency analysis. A claim that a jury verdict is against the weight of the evidence, however, involves a separate and distinct test that is much broader than the test for sufficiency, including challenges to the credibility of the state's evidence. *State v. Drummond*, 111 Ohio St.3d 4, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 193. When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and

determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins*, 78 Ohio St.3d at 387, 1997-Ohio-52, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶9} Even if we construed Brownlee's argument under the weight of the evidence standard of review, this is not the exceptional case in which the evidence weighs against the conviction. Brownlee sold drugs to confidential informants as part of a controlled-drug buy operation conducted by police officers on three separate occasions. His and his accomplice's actions were memorialized on video recordings. Brownlee was identified as the seller for two of the transactions and implicated in the third transaction because he was arrested carrying the marked bills used to purchase the narcotic. Further, the trier of fact reviewed the recorded surveillance of the transactions in which the confidential informants exchanged money for the drugs with Brownlee or his accomplice. His convictions are not against the weight of the evidence.

{¶10} Finally, in the third assignment of error, Brownlee claims that the three convictions for possession of criminal tools must merge with each of the related drug trafficking convictions as being allied offenses of similar import. According to Brownlee, the trafficking and possession of criminal tools convictions for each of the separate controlled-buy transactions were based on the same conduct.

{¶11} Under R.C. 2941.25, and based on the arguments advanced in this particular case, courts use a three-part inquiry to determine whether a defendant can be convicted of multiple offenses if those offenses arose from the same act or transaction:

> (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31. In addition, "a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." *Id.* at ¶ 26. The test is stated in the disjunctive form: the existence of any one prong suffices for the imposition of separate sentences. *State v. Esner*, 8th Dist. Cuyahoga No. 104594, 2017-Ohio-1365, ¶ 6. Thus, in order to reverse a conviction, the defendant has to address all prongs of *Ruff*. It is no longer sufficient to focus on the offender's conduct in isolation on appeal. *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 11 (the conduct-based analysis from *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, has been rendered obsolete); *see also State v. Dennis*, 8th Dist. Cuyahoga No. 104742, 2017-Ohio-4437, ¶ 21.

{¶12} Brownlee did not object to the imposition of the separate sentences for trafficking and possession of criminal tools at sentencing. He therefore forfeited all but plain error with respect to the arguments advanced in this appeal. *Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 86, at ¶ 21. On three separate days, Brownlee sold drugs to the confidential informants and had criminal tools in his possession at each transaction. Although the two related crimes were committed on the same respective day, the proximity within which the crimes were committed is not dispositive. Drug trafficking under R.C. 2925.03(A)(1) provides that no person shall knowingly sell or offer to sell a controlled substance. Possessing criminal

tools under R.C. 2923.24(A) provides that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." Thus, the dispositive issue is the conduct that underlies each offense.

**{¶13}** The two crimes, trafficking cocaine and the possession of criminal tools, such as the vehicle, scale, or glassware, were inherently committed with separate conduct. The drugs Brownlee sold were not the basis of the possession of criminal tools counts. *See, e.g., State v. McDonald*, 8th Dist. Cuyahoga No. 105276, 2018-Ohio-484, ¶ 43 (possession of criminal tools is not the same conduct as trafficking or possessing drugs); *State v. Hurley*, 3d Dist. Hardin No. 6-13-02, 2014-Ohio-2716, ¶ 65, citing *State v. Dammons*, 8th Dist. Cuyahoga Nos. 94878 and 94879, 2011-Ohio-2908, ¶ 24. The conduct underlying the possession of criminal tools was, therefore, separate from the conduct underlying the sale of cocaine for the purposes of the *Ruff* analysis. There is no error, plain or otherwise.

**{¶14}** The convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
ANITA LASTER MAYS, J., CONCUR