[Cite as *State v. Rivera*, 2019-Ohio-3296.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-117 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-354 |
| | : | |
| CARMELO RIVERA, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of August, 2019.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

WILLIAM O. CASS, JR., Atty. Reg. No. 0034517, 135 West Dorothy Lane, Suite 117, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Carmelo Rivera, Jr., pleaded guilty to abuse of a corpse and tampering with evidence. Without mentioning the issue of merger, the trial court convicted Rivera of each offense. On appeal, Rivera asserts that the offenses were allied offenses of similar import and, thus, should have been merged so that he was convicted of a single offense. We conclude that the offenses were of dissimilar import because the harm resulting from each offense was separate and distinct. The trial court's judgment will be affirmed.

## Facts and Procedural History

{¶ 2} Rivera pleaded guilty to abuse of a corpse in violation of R.C. 2927.01(B), a fifth degree felony, and tampering with evidence in violation of R.C. 2921.12(A)(1), a third degree felony.[1] At the plea hearing, the State stated the following in support of the offenses:

> The facts of this case, Your Honor, are that on or about July the 22nd of 2015, to on or about the 26th of July of 2015, the defendant, along with others, did transport the body of Tiffany Chambers from where she was deceased behind 144 West Pleasant Street in Springfield to a wooded lot near 2570 Elam Road. That's in Greene County, Ohio. The body was then dumped in the woods where it was left by those individuals. They did

---

[1] R.C. 2927.01(B) states that "no person, except as authorized by law, shall treat a human corpse in a way that would outrage community sensibilities." R.C. 2921.12(A) in relevant part states that "no person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following: Alter, destroy, conceal, or remove any * * * thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."

this knowing that an official investigation had begun or was about to begin and did so to make that evidence unavailable to authorities. In doing so, they would outrage reasonable community sensibilities by abandoning the body in that secluded location.

The trial court found Rivera guilty and sentenced him to a 36-month prison term for tampering with evidence and a 12-month prison term for abuse of a corpse. The sentences were ordered to be served consecutively, resulting in a 48-month prison term. At the sentencing hearing, Rivera did not raise the issue of merger, and the trial court, as noted, did not mention the issue. Following sentencing, Rivera filed this appeal.

**Analysis**

{¶ 3} Rivera's sole assignment of error is as follows:

THE TRIAL COURT ERRED WHEN IT FAIL[ED] TO MERGE [RIVERA'S] CONVICTIONS FOR TAMPERING WITH EVIDENCE AND ABUSE OF A CORPSE.[2]

{¶ 4} The Fifth Amendment to the United States Constitution provides in relevant part that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This protection applies to the states through the Fourteenth Amendment to the United States Constitution. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Ohio Constitution, Article I, Section 10, also provides double

---

[2] Rivera's failure to raise the merger issue before the trial court triggers a plain error analysis, but "the imposition of multiple punishments for allied offenses of similar import amounts to plain error." *State v. Estes*, 12th Dist. Preble No. 2013-04-001, 2014-Ohio-767, ¶ 11. (Citation omitted.)

jeopardy protection to Ohio citizens. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10. The prohibition against double jeopardy protects citizens from a second prosecution for the same offense and against multiple punishments for the same offense. (Citations omitted.) *Id.* Rivera asserts that his punishment for both the abuse of a corpse count and the tampering with evidence count constitutes multiple punishments for the same offense.

{¶ 5} In Ohio, the multiple punishment double jeopardy protection has been codified at R.C. 2941.25 as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 6} Over the years, the Ohio Supreme Court has articulated several tests to use when making the sometimes difficult merger decision. The Supreme Court's most recent test is set forth in *State v. Ruff*, as follows:

* * * [W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three simple questions when the defendant's conduct supports multiple offenses: (1)

Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id.* at ¶ 31.

{¶ 7} It appears, based upon the State's factual recitation at the plea hearing, that Rivera committed each offense with the same conduct. Also, and again based upon the State's plea hearing statement, Rivera committed each offense with the same motivation. So we must determine whether the offenses are dissimilar in import or significance.

{¶ 8} The import or significance decision turns on whether the offenses resulted in separate, identifiable harm. The *Ruff* opinion states the following on this topic:

When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and, therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offenses. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

*Ruff* at ¶ 26.

{¶ 9} Turning to the pending case, the "victims" of each offense are the same, the citizens of the State of Ohio. But, each offense resulted in separate, distinct harm. The harm resulting from the tampering with evidence offense was the unavailability of the corpse as evidence. In contrast, the harm resulting from the abuse of a corpse offense was the outrage to reasonable community sensibilities. Since the two offenses resulted in separate, identifiable harm, they were offenses of dissimilar import, and, thus, not subject to merger.[3] The assignment of error is overruled.

## Conclusion

{¶ 10} The trial court did not err in failing to merge the offenses of tampering with evidence and abuse of a corpse. The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

---

[3] Rivera cites to two cases, *State v. Crisp*, 4th Dist. Scioto No. 10CA3404, 2012-Ohio-1730, and *State v. Shears*, 1st Dist. Hamilton No. C-120212, 2013-Ohio-1196, where courts concluded, under circumstances similar to this case, that the offenses of tampering with evidence and abuse of a corpse were allied offenses of similar import subject to merger. These cases, however, were decided under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The *Johnson* merger analysis required the trial court to first determine whether the offenses could be committed by the same conduct, and, if so, whether, in fact, the offenses were committed by the same conduct. If the answer to each question was "yes," the offenses were allied offenses of similar import requiring merger. The *Ruff* decision concluded that the *Johnson* merger test "was incomplete because R.C. 2941.25(B) provides that when a defendant's conduct constitutes two or more offenses of <u>dissimilar</u> import, the defendant may be convicted of all of the offenses." *Ruff* at ¶ 16. (Emphasis sic.) *Ruff* holds that when, as here, the harm resulting from multiple offenses is separate and distinct, the offenses are of dissimilar import.

Copies sent to:

John M Lintz
William O. Cass, Jr.
Hon. Richard J. O'Neill