**[Cite as *State v. Jarrett*, 2020-Ohio-393.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-20 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-47 |
| | : | |
| RAMARCO D. JARRETT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of February, 2020.

. . . . . . . . . . .

SAMANTHA B. WHETHERHOLT, Atty. Reg. No. 0092010, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

JAMES A. ANZELMO, Atty. Reg. No. 0068229, 446 Howland Drive, Gahanna, Ohio 43230
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1}   Ramarco D. Jarrett appeals from the trial court's June 13, 2019 judgment entry of conviction, following his guilty pleas to the following offenses: Count 1, trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(a), a felony of the fifth degree, along with a forfeiture specification; Count 3, possession of criminal tools, in violation of R.C. 2923.24(A)(C), a felony of the fifth degree; and Count 5, operating a vehicle under the influence ("OVI"), in violation of R.C. 4511.19(A)(1)(a)(G)(1)(b), a misdemeanor of the first degree.   The court sentenced Jarrett to 12 months on Count 1, 12 months on Count 3, and to 180 days on Count 5 (10 days mandatory, balance of 170 days suspended). The court ordered that Counts 1 and 2 be served consecutively to each other and concurrently to Count 5, for an aggregate term of 24 months. The court also suspended Jarrett's driver's license for 12 months.   We will affirm the judgment of the trial court.

{¶ 2} On February 4, 2019, Jarrett was indicted on the above counts along with Count 2, possession of cocaine, with an accompanying forfeiture specification, and Count 4, possession of marijuana.   Jarrett entered his guilty pleas on May 13, 2019.   Count 2 and its attendant specification, a forfeiture specification to Count 3, and Count 4 were dismissed with prejudice in exchange for Jarrett's pleas.

{¶ 3}   The following exchange occurred at the plea hearing:

THE COURT:   With regard to Count One, trafficking in cocaine, a felony of the fifth degree, are you admitting you committed this offense because you did on or about January 3, 2019, and in Champaign County, you did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, which was cocaine, in an amount less than 5 grams where you knew or had reasonable cause to

believe that the cocaine was intended for sale or resale by you or someone else?

[DEFENDANT]: Yes, Your Honor.

* * *

THE COURT: With regard to Count Three, possessing criminal tools, a felony of the fifth degree, are you admitting that you committed this offense because you did on or about January 3, 2019, and in Champaign County, you did possess or have under your control any substance, device, instrument, or article, which was the Ford Mustang, with purpose to use it criminally? And the circumstances indicate that the Mustang was intended for the use of the commission of trafficking in cocaine and possession of cocaine as felonies?

[DEFENDANT]: Yes, Your Honor.

THE COURT: Was this a circumstance where you were using the cocaine to bring - - or you were using the Mustang to bring cocaine into the county?

[DEFENDANT]: I was using cocaine.

THE COURT: I understand that you may have been using cocaine. But you've just pled guilty to trafficking in cocaine. And you just said that you possessed criminal tools, which was the Mustang. And so am I to understand that you used the Mustang to drive the cocaine to this county to sell or offer to sell?

[DEFENDANT]: Yes, Your Honor.

{¶ 4} As Jarrett's sentencing hearing, the following exchange occurred:

THE COURT: * * *

* * * [T]he Court referred the matter to the Adult Court Services Department for a pre-sentence investigation and report. The Court has received the report of the Adult Court Services Department, reviewed the same, and is ready to proceed with disposition at this time.

[Defense Counsel], do you have anything you would like to offer on behalf of Mr. Jarrett?

[DEFENSE COUNSEL]: * * * This matter started with my client kind of being caught in the OVI situation. And I think he's grateful that he was caught because it has helped him get control over his addiction. He now attends group classes two times a week. He sees a counselor one time a month. He actually sees two different counselors. A mental health counselor and a drug counselor. He maintained his employment throughout this incident.

He understands he will have some mandatory days on at least the OVI case. He did accept responsibility for his actions in this case. And, also, he is expecting a child in the near future. If possible, he would like to have the opportunity to be there for the birth of the child. And he just wants to kind of - - he does have a lengthy record that involves drugs. He's been battling addiction for most of his adult life. He believes he's on the right path now.

He, along with all of his counseling, he's been reporting to Pretrial

Services. And although testing positive in the very beginning of the matter, he's since been clean on every screen. Just would like the Court to take that into consideration.

THE COURT: State have anything they would like to offer?

[THE PROSECUTOR]: * * * Your Honor, I would like the Court to know that the State has reviewed the pre-sentence investigation report as well as the case file. After reviewing that information the State would recommend and request that the Defendant be sentenced to a term of imprisonment as determined by the Court on the felony offenses.

State would note, as pointed out by [defense counsel], this Defendant does have a lengthy adult record. From the State's review of the Defendant's criminal record, he's been sentenced to prison on approximately six separate cases. It appears he's been to prison four times on six separate cases. His adult record is almost exclusively possession of drugs and trafficking drugs.

This case, as the Court is aware, is a trafficking in cocaine case. From the State's review of the case, the Defendant has been given substance abuse treatment, had been placed on the Franklin County Common Pleas Court Chemical Dependency Docket on every single one of his adult criminal cases. And he's been given community control numerous times before. And that community control has been revoked repeatedly.

State believes that the Defendant has been given numerous

opportunities by numerous Courts for his adult years to address his substance abuse issues to be successful on community control. The Defendant reported in the PSI that he was diagnosed with depression and anxiety in March of 2018. And he reported to the PSI writer that he stopped taking his depression medication, which led to his alcohol and drug use. Which then led to him trafficking in the instant case because he would traffic to support his habit.

The State would note he initially was diagnosed with anxiety, depression, and bipolar disorder when he was a teenager. So it is not like these issues came out of nowhere or he was not aware of them or not given the opportunity to address his mental health issues. He's known about these mental health issues for years. And he's been given opportunities to address them. And he's been given opportunities to seek counseling and seek mental health medications treatment for them. And his response was to get mental health medication and counseling and then stop taking his medication because he felt like it.

* * *

* * * State believes that the Defendant's record and the fact that he had approximately 16 separate bindles of cocaine for trafficking here in Champaign County that all of that warrants a prison term. And we would request that the Court sentence him to prison accordingly. * * *

* * *

THE COURT: * * * Mr. Jarrett, you have an opportunity to address

the Court at this time.   Is there anything you would like to tell me, sir?

[DEFENDANT]:   Well, I learned from my mistakes in the past.   And I'm trying to seek actual help right now.   The group has been helping me. I go to group twice a week.   And I learned from my mistakes.

* * *

[DEFENDANT]:   Plus, I'm taking my medication regularly, you know.

THE COURT:   Mr. Jarrett, it goes without saying, your record is not the best.   You've been to prison a number of times.   You've got a drug problem.   But it never changes.   If you're on community control, you get revoked and go to prison.   It is kind of a cycle the way it operates.   Doesn't seem to be any end to it.

I've been kind of searching through the pre-sentence investigation looking for some daylight that there might be for you.   And, frankly, I just don't see any.   I can't find anything.   And, you know, these are two F-5 lower level felonies.   Mostly all of your convictions have been lower-level felonies.   And you don't leave me a lot of choice as to what to do.   It appears you'll not be successful on community control.   You never have been.   And we're just going through the same cycle all over again.   I wish there was some other alternative.   Frankly, I'm having a hard time finding any other alternative other than prison.

The Court has considered the record and has considered the report of the Adult Court Services Department and has considered the principles

and purposes of sentencing under 2929.11 and has balanced the seriousness and recidivism factors set forth in Section 2929.12. The Court has considered Counsel and Defendant's oral statement. Court finds pursuant to 2929.13 that a previous prison term has been serve - - numerous prison terms have been served by the Defendant. That the Defendant is not amenable to community control and prison is consistent with Section 2929.11.

Court further finds that consecutive sentences are necessary to protect the public from future crime and to punish the Defendant and are not disproportionate to the seriousness of the offender's conduct and the danger that the offender poses to the public. And the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

{¶ 5} Jarrett's sentencing entry provides in relevant part:

**PRE-SENTENCE FINDINGS**

Regarding the Defendant's Pre-Sentence Conduct, the court finds that:

●The Defendant at the time of the offense was serving, or the Defendant previously had served, a prison term. R.C. 2929.13(B)(1)(b)(x)

○ to wit: Defendant served a prison term in Jefferson County Case No. 2003 CR 268 for Receiving Stolen Property, Possession of Cocaine, Concealed and Carry Weapons (two counts), and Trafficking in Drugs.

○ to wit:   Defendant served a prison term in Jefferson County Case No. 2006 CR 010 for Possession of Methadone

○ to wit:   Defendant served a prison term in Franklin County Case No. 2010 CR 4891 for Possession of Drugs

○ to wit:   Defendant served a prison term in Franklin County Case No. 2011 CR 6689 for Possession of Drugs and Tampering with Evidence

○ to wit:   Defendant served a prison term in Franklin County Case No. 2011 CR 6146 for Possession of Drugs (two counts)

● The Defendant committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.   R.C. 2929.13(B)(1)(b)(xi).

○ to wit:   Defendant was on probation to Franklin County Municipal Court in Case No. 2010 TRC 112759 for Operating a Vehicle Under the influence of Alcohol, a Drug of Abuse or a Combination of Them, a misdemeanor of the first degree.

● **ORAS Score 29** – High

* * *

**In imposing consecutive sentences, the Court makes the following findings** per *R.C. 2929.14(C)(4):*

● Consecutive sentencing is necessary to protect the public from future crime or to punish the Defendant and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the

danger the Defendant poses to the public. *R.C. 2929.14(C)(4)* **AND**

● The Defendant committed one or more of the multiple offenses while the Defendant was awaiting trial or sentencing, was on community control or was under post release control for a prior offense. *R.C. 2929.14(C)(4)(a)* **AND**

● The Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant. *R.C. 2929.14(C)(4)(c).*

{¶ 6} Jarrett asserts three assignments of error. His first assignment of error is as follows:

THE TRIAL COURT COMMITTED PLAIN ERROR BY NOT MERGING JARRETT'S CONVICTIONS FOR DRUG TRAFFICKING AND POSSESSION OF CRIMINAL TOOLS, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 7} Jarrett recognizes that the plain error standard applies because defense counsel did not raise the issue of merger in the trial court, but he asserts that imposition of multiple sentences for allied offenses of similar import constitutes plain error. Jarrett argues that his drug trafficking conviction was based on his plan to sell drugs in his vehicle, and his possessing criminal tools conviction was based on possession of the same vehicle. He directs our attention to *State v. Nievas*, 121 Ohio App.3d 451, 700 N.E.2d 339 (8th Dist.).

{¶ 8} The State responds that *Nievas* was decided before *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, which applies a different standard to evaluate questions of merger. The State also directs our attention to *State v. McDonald*, 8th Dist. Cuyahoga No. 105276, 2018-Ohio-484, and *State v. Brownlee*, 8th Dist. Cuyahoga No. 106395, 2018-Ohio-3308. The State argues that possessing criminal tools and trafficking were "inherently committed with separate conduct," because Jarrett's criminal tool was his vehicle, and his trafficking was based on the packaging of sixteen * * * small baggies or bindles of cocaine for sale."

{¶ 9} R.C. 2925.03, proscribing trafficking, provides:

(A) No person shall knowingly do any of the following:

* * *

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

{¶ 10} R.C. 2923.24, which prohibits possessing criminal tools, provides: "(A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."

{¶ 11} As this Court has previously noted:

The Fifth Amendment to the United States Constitution provides in relevant part that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This protection applies to the states

through the Fourteenth Amendment to the United States Constitution. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Ohio Constitution, Article I, Section 10, also provides double jeopardy protection to Ohio citizens. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 10. The prohibition against double jeopardy protects citizens from a second prosecution for the same offense and against multiple punishments for the same offense. (Citations omitted.) *Id.* * * *

In Ohio, the multiple punishment double jeopardy protection has been codified at R.C. 2941.25 as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

Over the years, the Ohio Supreme Court has articulated several tests to use when making the sometimes difficult merger decision. The Supreme Court's most recent test is set forth in *State v. Ruff*, as follows:

* * * [W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three

simple questions when the defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id.* at ¶ 31.

\* \* \*

*State v. Rivera,* 2d Dist. Clark No. 2018-CA-117, 2019-Ohio-3296, ¶ 4-6.

**{¶ 12}** A defendant's failure to raise the merger issue in the trial court triggers a plain error analysis, but " 'the imposition of multiple punishments for allied offenses of similar import amounts to plain error.' " *Rivera* at ¶ 3, fn. 2, quoting *State v. Estes*, 12th Dist. Preble No. 2013-04-001, 2014-Ohio-767, ¶ 11.

**{¶ 13}** While Jarrett committed both felonies on January 3, 2019, we conclude that the conduct underlying the offenses is dispositive.  As noted by the Eighth District:

The two crimes, trafficking in cocaine and the possession of criminal tools, such as the vehicle, scale, or glassware, were inherently committed with separate conduct.  The drugs [the defendant] packaged and transported were not the basis of the criminal tools [count].  *See, e.g., State v. McDonald*, 8th Dist. Cuyahoga No. 105276, 2018-Ohio-484, ¶ 43 (possession of criminal tools is not the same conduct as trafficking or possessing drugs); *State v. Hurley*, 3d Dist. Hardin No. 6-13-02, 2014-Ohio-2716, ¶ 65, citing *State v. Dammons*, 8th Dist. Cuyahoga No. 94878 and

94879, 2011-Ohio-2908, ¶ 24.

*State v. Brownlee*, 8th Dist. Cuyahoga No. 106395, 2018-Ohio-3308, ¶ 13.[1]

{¶ 14} We conclude that Jarrett's conduct underlying the possession of criminal tools was separate from the conduct underlying the trafficking cocaine offense pursuant to *Ruff*. Jarrett's indictment identified a black 2009 Ford Mustang in Count 3, which stated that "the circumstances indicate that the [Mustang] involved in the offense was intended for use in the commission of a felony: to wit: Trafficking in Cocaine * * * ." The prosecutor represented to the Court that Jarrett had 16 separate bindles of cocaine for trafficking, and those drugs found in his possession were not the basis of his criminal tools count involving the Mustang. In other words, Jarrett was not entitled to merger, and plain error is not demonstrated. Accordingly, Jarrett's first assignment of error is overruled.

{¶ 15} Jarrett's second assignment of error is as follows:

> JARRETT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 16} Jarrett asserts that defense "counsel rendered ineffective assistance by not objecting when the trial court decided not to merge the possession of criminal tools and drug trafficking offenses."

---

[1] The Eighth District further noted as follows: "On three separate days, Brownlee sold drugs to the confidential informant and had criminal tools in his possession at each transaction. Although the two related crimes were committed on the same respective day, the proximity within which the crimes were committed is not dispositive." *Id.* at ¶ 12.

{¶ 17} As this Court has noted:

> To establish ineffective assistance of counsel, a defendant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992); *State v. Fields*, 2017-Ohio-400, 84 N.E.3d 193, ¶ 38 (2d Dist.). Trial counsel is also entitled to a strong presumption that his or her conduct fell within the wide range of reasonable assistance. *Strickland* at 689.

*State v. Brock*, 2d Dist. Clark No. 2018-CA-112, 2019-Ohio-3195, ¶ 29.

{¶ 18} Having concluded that the drug trafficking offense and the possession of criminal tools offense were not subject to merger, we conclude that Jarrett's second assignment of error lacks merit. In other words, any objection by defense counsel would not have altered the outcome of Jarrett's sentencing. Since ineffective assistance of counsel is not demonstrated, Jarrett's second assignment of error is overruled.

{¶ 19} Jarrett's third assignment of error is as follows:

THE TRIAL COURT UNLAWFULLY ORDERED RAMARCO

JARRETT TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶ 20} Jarrett asserts that, when the trial court ordered him to serve consecutive sentences, it made findings under R.C. 2929.14(C)(4) that were unsupported by the record.   Jarrett argues:

As an initial matter, the court stated that consecutive sentences are not disproportionate to the seriousness of Jarrett's conduct.   But the record belies this fact.   Primarily, Jarrett was not violent during the current matter for which he was convicted, and nobody suffered physical injury from his actions.   Likewise, Jarrett did not cause damage to any property during the incident.   These factors mitigate against consecutive sentences.   See R.C. 2929.12(C)(3).

In addition, Jarrett is remorseful, which is another mitigating factor against consecutive sentences.   R.C. 2929.12(E)(5).   Also Jarrett has indicated that he is ready to be a productive member of society.   Thus, he is amenable to rehabilitation.   This factor shows that Jarrett is less likely to commit crimes in the future.   See * * * R.C. 2929.12(E).   To be sure, Jarrett has a criminal background.   But, Jarrett has demonstrated that mitigating factors exist to weigh against consecutive sentences.

Lastly, the court made a finding in the sentencing entry but not at the

sentencing [hearing]. Specifically, the court stated in the sentencing entry that consecutive sentences were warranted under R.C. 2929.14(C)(4) because Jarrett was on probation when he committed the present offenses. The court did not make this finding at the sentencing hearing. The trial court erred by doing so because, under [*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659], the court is required to make findings at the sentencing hearing and in the sentencing entry. *Id.* at ¶ 29.

**{¶ 21}** As this Court has previously noted:

In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

In determining the sentence for an individual offense, the trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing a maximum or more than minimum sentence. *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C.

2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 16, 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, after determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve

individual counts of a sentence consecutively to each other or to sentences imposed by other courts. R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*State v. Lambert*, 2d Dist. Champaign No. 2018-CA-28, 2019-Ohio-2837, ¶ 8-11.

{¶ 22} We initially note that Jarrett's fifth-degree-felony sentences are not contrary to law.   R.C. 2929.14(A)(5).   The record reflects that the court considered R.C. 2929.11 and R.C. 2929.12.   We agree with Jarrett that the trial court did not find on the

record at the sentencing hearing, pursuant to R.C. 2929.14(C)(4)(a), that Jarrett "committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was on community control or was under post release control for a prior offense." The court did find in its judgment entry of conviction that Jarrett was on probation in Franklin County for OVI at the time of the offenses.

{¶ 23} The court further found however, both on the record and in its judgment entry of conviction, after articulating Jarrett's lengthy drug-related criminal history, past imprisonment and failed opportunities on community control, that Jarrett's criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime" by Jarrett, pursuant to R.C. 2929.14(C)(4)(c). Given Jarrett's lengthy criminal history, the record supported this specified finding for consecutive sentences. Any error by the trial court in failing to articulate the R.C. 2929.14(C)(4)(a) finding on the record is necessarily harmless. Pursuant to Crim.R. 52(A), "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."

{¶ 24} Jarrett's third assignment of error is overruled.

{¶ 25} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and FROELICH, J., concur.

Copies sent to:

Samantha B. Whetherholt
James A. Anzelmo
Hon. J. Timothy Campbell, Visiting Judge