[Cite as *State v. Dean*, 2024-Ohio-2385.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-31 |
| | : | |
| v. | : | Trial Court Case No. 2023 CR 089 |
| | : | |
| BRANDON MICHAEL DEAN | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 21, 2024

. . . . . . . . . . .

APRIL F. CAMPBELL, Attorney for Appellant

SAMANTHA B. WHETHERHOLT, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Brandon Michael Dean appeals from a judgment of the Champaign County Common Pleas Court, which convicted him, following his guilty pleas, of one count each of aggravated trafficking in drugs, aggravated possession of drugs, possession of dangerous drugs, and possessing criminal tools and sentenced him to a

total of five years in prison. Dean contends that the trial court should have merged his convictions for trafficking in drugs and possessing criminal tools because they were allied offenses of similar import. For the following reasons, we will affirm the judgment of the trial court.

I.      Facts and Course of Proceedings

{¶ 2} On June 5, 2023, a Champaign County grand jury indicted Dean on three counts of aggravated trafficking in drugs, third-degree felonies in violation of R.C. 2925.03(A); two counts of aggravated possession of drugs, fifth-degree felonies in violation of R.C. 2925.11(A); two counts of possession of dangerous drugs, fifth-degree felonies in violation of R.C. 4729.51; and one count of possessing criminal tools, a fifth-degree felony in violation of R.C. 2923.24(A).

{¶ 3} Dean subsequently entered into a plea agreement with the State. On July 19, 2023, Dean pled guilty to counts one (aggravated trafficking in drugs), five (aggravated possession of drugs), six (possession of dangerous drugs), and eight (possessing criminal tools). In exchange for his guilty pleas, the State dismissed the remaining counts of the indictment and jointly recommended an aggregate prison term of five years. Dean also agreed to forfeit certain property and to pay courts costs.

{¶ 4} The trial court accepted Dean's guilty pleas and found him guilty as charged on the four counts. Following a sentencing hearing, the trial court sentenced Dean to 36 months in prison on count one, 24 months in prison on count five, 12 months in prison on count six, and 12 months in prison on count eight. The trial court ordered that the

sentences imposed on counts five, six, and eight be served concurrently to one another but consecutively to the sentence imposed in count one, resulting in an aggregate prison sentence of five years. Dean filed a timely notice of appeal from the trial court's judgment.

II.     The Trial Court Did Not Commit Plain Error by Failing to Merge Dean's Convictions on Counts One and Eight

{¶ 5} Dean raises the following sole assignment of error:

The trial court erred in failing to merge Count eight with Count one, because these offenses together [sic] because he had one animus, and Dean engaged in one continuing course of conduct.

{¶ 6} Dean argues that his offenses of aggravated trafficking in drugs and possessing criminal tools were closely related offenses arising from the same occurrence, there was no separate victim, the offenses were not committed separately, and the offenses were not prolonged. Appellant's Brief, p. 4. According to Dean, "when looking at the 'heart' of [his] offenses," they involved one course of conduct and should have been merged. *Id.*

{¶ 7} The State responds that Dean bore the burden to prove entitlement to merger of the offenses. Appellee's Brief, p. 5, citing *State v. Jackson*, 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 134. According to the State, "Appellant's crimes were clearly committed with separate conduct as the drugs he sold were not the basis of his criminal tools offense. * * * Furthermore, Appellant's trafficking conduct occurred over an

almost three-month time period, while his possessing criminal tools conduct only occurred on a single day" when the search warrant was executed.   *Id.* at 7.

{¶ 8} Normally, we apply a de novo standard of review in reviewing a trial court's merger determination.   *State v. Bailey*, 171 Ohio St.3d 486, 2022-Ohio-4407, 218 N.E.3d 858, ¶ 6, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 1, 28.   However, Dean failed to object at sentencing to the trial court's failure to merge any of his convictions, which means he has waived all but plain error for purposes of this appeal.   *Id.* at ¶ 7, citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 28.   "Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice."   *Id.* at ¶ 8, citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. To prevail under the plain-error doctrine, Dean must establish that "an error occurred, that the error was obvious, and that there is 'a reasonable *probability* that the error resulted in prejudice,' meaning that the error affected the outcome of the trial."   (Emphasis sic; citations omitted.)   *Id.*   "The elements of the plain-error doctrine are conjunctive: all three must apply to justify an appellate court's intervention."   *Id.* at ¶ 9, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).   Because we conclude that the trial court did not commit an error, we need not address whether Dean met the second and third elements of the plain-error doctrine.

{¶ 9} The starting point for determining whether two convictions should be merged at sentencing as allied offense of similar import is R.C. 2941.25, which states the following:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} The Ohio Supreme Court has held that, "[i]n determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph one of the syllabus. "Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus. "Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Id.* at paragraph three of the syllabus.

{¶ 11} Ohio's prohibition against aggravated trafficking in drugs provides that no

person shall knowingly do any of the following: "(1) Sell or offer to sell a controlled substance or a controlled substance analog; (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person."  R.C. 2925.03(A)(1)-(2).  Ohio's prohibition against possessing criminal tools provides that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."  R.C. 2923.24(A).

{¶ 12} Due to the fact Dean pled guilty to the two offenses at issue in this appeal, the record before us contains only limited details about the underlying conduct that led to his indictment.  However, the indictment states that the aggravated trafficking in drugs count was based on Dean's knowingly selling or offering to sell Methamphetamine "on or about March 1, 2023 through May 22, 2023," while the indictment states that the possession of criminal tools count was based on Dean's possessing a ledger "on or about May 22, 2023."

{¶ 13} We, along with several other districts, have previously held that the conduct underlying a possessing criminal tools offense is separate from the conduct underlying a trafficking in drugs offense.  As a result, we and other districts have held that these two offenses are not allied offenses of similar import.  *State v. Jarrett*, 2d Dist. Champaign No. 2019-CA-20, 2020-Ohio-393, ¶ 14; *State v. Myles*, 3d Dist. Marion No. 9-19-74, 2020-Ohio-3323, ¶ 63 (possessing criminal tools is not an allied offense of either possession

of a controlled substance or trafficking); *State v. Olmstead*, 5th Dist. Ashland No. 18-COA-016, 2018-Ohio-5301, ¶ 27; *State v. Brownlee*, 8th Dist. Cuyahoga No. 106395, 2018-Ohio-3308, ¶ 11 (trafficking cocaine and possessing criminal tools were inherently committed with separate conduct).

{¶ 14} In *State v. Dammons*, 8th Dist. Cuyahoga No. 94878, 2011-Ohio-2908, the court explained why possessing criminal tools (a cell phone) and trafficking in drugs were not allied offenses of similar import:

> Here, defendant was charged with possessing money and a cell phone "with purpose to use it criminally in the commission of a felony." Accordingly, it was not possible for defendant's possession of these items alone to result in a conviction for either drug trafficking or drug possession. Similarly, his possession of drugs did not establish a possession of criminal tools charge; despite his convictions for drug trafficking and drug possession. *E.g., State v. Byers*, Cuyahoga App. No. 94922, 2011-Ohio-342, ¶ 9 ("The ubiquitousness of cell phones is such that the mere possession of a cell phone is not ipso facto proof that it was used in drug trafficking.").

*Id.* at ¶ 24.

{¶ 15} We agree with the reasoning expressed in *Dammons* and the plethora of previous cases that have concluded convictions for possessing criminal tools and trafficking in drugs should not be merged. Therefore, the trial court did not commit an error, let alone plain error, by failing to merge Dean's convictions for aggravated trafficking

in drugs and possessing criminal tools.

{¶ 16} The sole assignment of error is overruled.

III.     Conclusion

{¶ 17} Having overruled Dean's sole assignment of error, we will affirm the judgment of the trial court.

. . . . . . . . . . . . .

WELBAUM, J. and HUFFMAN, J., concur.