CITY OF NEWBURGH HEIGHTS, Appellee,

v.

COLE, Appellant.

[Cite as *Newburgh Hts. v. Cole,* 166 Ohio App.3d 826, 2006-Ohio-2463.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 86207.

Decided May 18, 2006.

John K. Moroney, Newburgh Heights Prosecutor, for appellee.

Patricia McGinty Aston, for appellant.

Kenneth A. Rocco, Judge.

{¶ 1} Defendant-appellant, Tiesha D. Cole, appeals from her convictions for domestic violence and child endangering in the Garfield Heights Municipal Court. She argues that she was denied the effective assistance of counsel, that the evidence was insufficient to support her convictions, that her convictions were against the manifest weight of the evidence, and that she was deprived of due process because there was no record of the trial proceedings. We find the evidence was insufficient to support her convictions. Therefore, we reverse.

## Procedural History

{¶ 2} On October 14, 2004, complaints were filed in the Garfield Heights Municipal Court charging appellant with child abuse and domestic violence, both first-degree misdemeanors. She entered a not-guilty plea that same day. The case was tried to the court on January 6, 2005. At the conclusion of the trial, the court found appellant guilty of domestic violence and child endangering and sentenced her to 180 days on each charge, 175 of which were suspended as to each charge, to be served consecutively. Appellant was further ordered to serve community-control sanctions for a period of one year with the special conditions that she complete a parenting program and that she not physically discipline her children with anything other than her hand. Appellant filed a motion for a new trial, which the court denied on February 17, 2005. Appellant timely filed this appeal on March 15, 2005. See App.R. 4(B)(3).

{¶ 3} In lieu of a transcript of the proceedings (which appellant averred was unavailable), appellant submitted a statement of the evidence to the trial court pursuant to App.R. 9(C). The court approved this statement on October 14, 2005, and ordered the clerk to transmit the statement to this court. This statement indicates that four witnesses testified for the municipality, Brian Jones, police officers John Lally and David Szabo, and police detective William Morrison. Appellant testified on her own behalf.

{¶ 4} According to the App.R. 9(C) statement, Brian Jones testified that he was the natural father of appellant's two daughters. He testified that he took food to the girls, ages 10 and 11, on October 13, 2004, and discovered that they were home alone. The house was messy. He called the police.

{¶ 5} Police officers Lally and Szabo testified that they responded to Jones's call at approximately 6:00 p.m. The girls told the police that their mother was at her boyfriend's house and that she sometimes stayed out all night. The police officers called appellant at the cellular telephone number the girls provided. Appellant and her boyfriend arrived shortly thereafter. The girls told the police officers that appellant beat them with a belt when they were in trouble; one of

the girls showed an officer a bruise on her right forearm, which she claimed was caused by her mother beating her. A photograph of the girl's arm was introduced into evidence.

{¶ 6} At the close of the state's evidence, the court overruled appellant's motion for acquittal. Appellant then testified on her own behalf. Appellant testified that she punished her children with "licks" for certain behavior and that the amount and severity of the licks varied according to the behavior to be punished. Appellant indicated that one of her daughters had received licks on the day of this incident, as punishment.

## Law and Analysis

{¶ 7} We address appellant's second assignment of error first because it is dispositive of this appeal. Appellant contends that the state did not present sufficient relevant, material, and competent evidence to support her convictions, and as a result, the court erred by denying her motion for acquittal pursuant to Crim.R. 29(A). In reviewing the sufficiency of the evidence, this court must examine the evidence submitted at trial and determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 8} Appellant was charged with violation of R.C. 2919.22(B)(1), which provides: "No person shall do any of the following to a child under eighteen years of age * * *: (1) Abuse the child * * *." Because the statute does not specify the degree of culpability or indicate an intent to impose strict liability, the state must prove that the defendant acted recklessly. R.C. 2901.21(B); see *State v. Adams* (1980), 62 Ohio St.2d 151, 153, 16 O.O.3d 169, 404 N.E.2d 144. Thus, " '[t]o establish a violation of R.C. 2919.22(B)(1), the state must prove, beyond a reasonable doubt: (1) that the child is under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, (2) an affirmative act of abuse, and (3) which act was reckless, that is, perpetrated with heedless indifference to the consequences of the action.' " (Citation omitted.) *State v. Burdine–Justice* (1998), 125 Ohio App.3d 707, 713, 709 N.E.2d 551, quoting *State v. Bogan* (June 14, 1990), Montgomery App. No. 11920, 1990 WL 80572.

{¶ 9} Abuse is not defined by the criminal statutes. However, "abused child" is defined by the juvenile statutes as one who, "[b]ecause of the acts of his parents, guardian, or custodian, suffers physical or mental injury that harms or threatens to harm the child's health or welfare." R.C. 2151.031(D). See *State v. Shirey*, Summit App. No. 22583, 2006-Ohio-256, 2006 WL 173107, ¶ 18 (relying on this statute in determining criminal child endangering).

{¶ 10} The state presented evidence that the children were under the age of 18 years. It also presented evidence that one of the children had a bruise on her right forearm. However, the only evidence the state included in its case-in-chief about how the child was bruised was the children's statements to the police that their mother struck them. The App.R. 9(C) record does not disclose any circumstances that might render these hearsay statements admissible. Therefore, as the factfinder in a bench trial, the trial court could not have considered these statements to determine that the state had proved the essential elements of the crime of child endangering. See, e.g., *State v. White* (1968), 15 Ohio St.2d 146, 151, 44 O.O.2d 132, 239 N.E.2d 65. The state presented no other evidence that the appellant caused her children to suffer physical or emotional injury. Therefore, the court erred by denying appellant's motion for acquittal of this charge at the close of the state's case.

{¶ 11} Likewise, the court also erred by denying appellant's motion for acquittal of the domestic-violence charge. Appellant was charged with knowingly causing or attempting to cause physical harm to a family or household member in violation of R.C. 2919.25(A). As noted above, there was no admissible evidence in the state's case-in-chief that appellant caused an injury to either child. Therefore, the court erred by denying appellant's motion for acquittal of this charge at the close of the state's case.

{¶ 12} Accordingly, we sustain the second assignment of error and reverse appellant's convictions for child endangering and domestic violence. This result renders appellant's remaining assignments of error moot.

{¶ 13} The judgment is reversed, and the cause is remanded with instructions to enter a judgment of acquittal in favor of appellant.

*Judgment reversed*
*and cause remanded.*

MCMONAGLE, J., concurs.

DYKE, A.J., concurs in judgment only.