[Cite as *State v. Hickman*, 2013-Ohio-4192.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99442**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SHELDON HICKMAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-563592

**BEFORE:** Rocco, P.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** September 26, 2013

-i-

**ATTORNEY FOR APPELLANT**

Mark E. Porter
Gallup & Burns
The Leader Building
Suite 810
526 Superior Avenue, East
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Sherrie S. Royster
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, P.J.:

**{¶1}** Defendant-appellant Sheldon Hickman appeals from his first-degree misdemeanor conviction for child endangering.

**{¶2}** Hickman presents two assignments of error, claiming his conviction is not supported by either sufficient evidence or by the manifest weight of the evidence. Upon a review of the record, this court cannot agree. His assignments of error, therefore, are overruled, and his conviction is affirmed.

**{¶3}** Hickman originally was indicted in this case on 14 counts as the result of an incident that occurred on June 6, 2012. According to the testimony adduced at Hickman's trial, he lived in the same home with A.F., whom he had known for three to four years. A.F. was the mother of two girls, K.F.[1] and M.F.[2] Hickman provided child care for A.F. "every time [she] had to go to work."

**{¶4}** A.F. testified that when she arrived home that afternoon to take her children to a "cookout," she noticed "black and blue marks on their thighs." When she asked Hickman for an explanation, A.F. was told that the children had been playing with the "baby wipes" and had flushed an entire box down the toilet, so Hickman had "whooped" them each with his belt "10 times."

---

[1]D.O.B. April 23, 2009.

[2]D.O.B. August 31, 2010.

{¶5} The marks became more noticeable during the evening, prompting A.F. to report her children's injuries to the police. The first officers to arrive obtained a report from A.F. and took photographs of the children's injuries. The following morning, A.F. took the girls to the hospital for evaluations.

{¶6} The attending physician who examined the children noted a large area of bruising over the outside of K.F.'s right thigh, while M.F. had less-pronounced bruising of her right thigh and buttocks. Neither child required medication. Both were discharged with instructions to A.F. to take them to their primary care physician for a follow-up examination in three to five days.

{¶7} The police arrested Hickman, who provided them with an oral and a written statement. Hickman admitted punishing the children with his cloth belt; he stated that K.F. had been warned many times that she would receive a "whooping" for flushing the wipes, and he believed it was time to administer one. The officers took Hickman's belt as evidence.

{¶8} Hickman was charged in this case with ten counts of child endangering, eight counts of which contained furthermore clauses alleging the child had sustained serious physical harm, and four counts of felonious assault. He signed a waiver of his right to a jury trial and tried the case to the bench.

{¶9} After the state presented its case-in-chief, the trial court granted Hickman's motion for acquittal as to three counts of felonious assault, four counts of child

endangering, and the furthermore clauses attached to the first two counts of child endangering. Hickman then testified in his defense.

{¶10} Hickman stated that he considered himself to be the children's "uncle." He further stated that he had A.F.'s permission to discipline the girls. He claimed that he "spanked" them "five times" each with his cloth belt, that both girls were wearing "Pampers," and that the punishment "really didn't hurt" them.

{¶11} At the conclusion of trial, the court decided that Hickman was guilty of only one count of child endangering in violation of R.C. 2919.22(B)(1), without the furthermore clause attached to that count; the victim was K.F. The court found that "the punishment was excessive and it was not reasonable corporal punishment, whipping a 3-year old repeatedly with a belt in a manner to cause some bruising, I find and believe there [wa]s abuse." The court found Hickman not guilty of all the other remaining counts of the indictment.

{¶12} Hickman received a sentence of time served. He now appeals from his conviction and presents two assignments of error.

> **I.     Defendant/Appellant's conviction for misdemeanor endangering children should be reversed for insufficient evidence.**

> **II.     Defendant/Appellant's conviction for misdemeanor endangering children should be reversed as contrary to the manifest weight of the evidence.**

{¶13} Hickman argues that the state failed to prove the essential elements of the offense and, further, that his conviction is not supported by the manifest weight of the evidence. Specifically, he asserts that the evidence did not demonstrate that he "abused"

K.F., but, rather, showed only that he administered appropriate corporal punishment. This court disagrees.

**{¶14}** The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶15}** A manifest weight challenge, on the other hand, presents the question of whether the prosecution met its burden of persuasion. *State v. Thomas*, 70 Ohio St.2d 79, 80, 434 N.E.2d 1356 (1982). A reviewing court may reverse the judgment of conviction only if it appears that the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997 Ohio 52, 678 N.E.2d 541. This court must be mindful, therefore, that the weight of the evidence and the credibility of the witnesses are matters primarily for the factfinder to consider. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

**{¶16}** In relevant part, R.C. 2919.22 provides that, "[n]o person shall [abuse] a child under eighteen years of age * * * ." The requisite culpable mental state for the crime of child endangering is recklessness. *State v. Adams*, 62 Ohio St.2d 151, 153, 404 N.E.2d 144 (1980). R.C. 2901.22(C) provides that:

[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

**{¶17}** Therefore,

To establish a violation of R.C. 2919.22(B)(1), the state must prove, beyond a reasonable doubt: (1) that the child is under eighteen years of age * * * , (2) an affirmative act of abuse, and (3) which was reckless, that is, perpetrated with heedless indifference to the consequences of the action.

*Newburgh Hts. v. Cole*, 166 Ohio App.3d 826, 2006-Ohio-2463, 853 N.E.2d 689 ¶ 8, quoting *State v. Bogan*, 2d Dist. No. 11920, 1990 Ohio App. LEXIS 2362 (June 14, 1990).

**{¶18}** Hickman does not dispute that K.F. was under eighteen years of age. Instead, his argument pertains to the second and third elements of the offense.

**{¶19}** The word "abuse" is not defined by the criminal statutes. The juvenile statutes define an "abused child" as one who, "because of the acts of his parents, guardian, or custodian, suffers physical or mental injury that harms or threatens the child's health or welfare." *Cole* at ¶ 9, quoting R.C. 2151.031(D).

**{¶20}** As this court observed in *State v. Mabry*, 8th Dist. Cuyahoga No. 96048, 2011-Ohio-3849, ¶ 11:

The Legislative Service Commission Commentary to R.C. 2919.22 explained that child endangering under R.C. 2919.22(B) "deals with actual physical abuse of a child, whether through physical cruelty or through *improper discipline* or restraint, and regardless of by whom the offense is committed."

**{¶21}** Additionally, the Ohio Supreme Court in *State v. Kamel*, 12 Ohio St.3d 306, 308-309, 466 N.E.2d 860 (1984), held that " * * * excessive acts of corporal punishment or disciplinary measures are expressly covered under division (B) of the section." In other words, discipline that is excessive under the circumstances will be deemed to be reckless abuse. *Cleveland v. Callahan*, 8th Dist. Cuyahoga No. 87497, 2006-Ohio-5565, ¶ 29, citing *State v. Sommerfeld*, 8th Dist. Cuyahoga No. 84154, 2004-Ohio-6101 and *State v. Gray*, 6th Dist. Lucas No. L-04-1126, 2005-Ohio-3861.

**{¶22}** The trial court in this case was presented with consistent testimony that proved that, although A.F. permitted Hickman to administer discipline to her two girls, the punishment Hickman gave three-year old K.F. for her misbehavior was excessive under the circumstances. The photographs the police took of K.F.'s injuries show a swelling, redness, and bruising of her right thigh unwarranted for a child of her age.

**{¶23}** In addition, Hickman admitted to the police that he struck K.F. many times with his belt. The state introduced the belt he used into evidence. The belt was of a military-style thickness with a metal buckle and metal eyelets, and Hickman admitted he held K.F. in place by one of her arms as he "whooped" her with it. A rational trier of fact could have found from the state's evidence that Hickman acted with recklessness when he punished three-year old K.F. for flushing wipes down the toilet by striking her with his belt, raising welts and bruises, to the point of abusing her. *Sommerfeld*; *Toledo v. Hancock*, 6th Dist. Lucas No. L-10-1123, 2011-Ohio-355.

**{¶24}** Hickman's conviction also was supported by the manifest weight of the evidence. Although Hickman testified that he struck each of the children only five times, he told the police during his oral statement that he hit each of them ten times. He also complained in his oral statement that K.F. was "smart" and that she seemed to deliberately flaunt the rule he had put in place, so he felt it necessary to teach her a lesson; his voice displayed some agitation when he made these comments.

**{¶25}** As this court observed in *Sommerfeld*, ¶ 34:

> [F]rom the evidence presented, the trial court acted within its prerogative to disbelieve appellant's characterization of his actions as mere "corporal punishment." *State v. Jordan* (Nov. 13, 1997), Cuyahoga App. No. 70783, 1997 Ohio App. LEXIS 5107. * * * [T]hree-year olds ordinarily have a high activity level but are physically vulnerable; correction of the victim's behavior under the circumstances presented did not require the severity of the beating
> [ ] inflicted upon her by appellant.

**{¶26}** The same observation pertains in this case. Hickman did not simply "spank" K.F. a few times with an open hand on her bottom; rather, he struck her numerous times with a thick cloth belt that had a metal buckle, leaving red welts and bruises.

**{¶27}** The trial court, therefore, did not lose its way in determining that Hickman recklessly used a manner and a means of "correction" that, under the circumstances, constituted abuse.

**{¶28}** Because Hickman's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence, his assignments of error are overruled.

**{¶29}** Hickman's conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J. and
MARY EILEEN KILBANE, J., CONCUR