[Cite as *Cleveland v. Calhoun*, 2018-Ohio-1758.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105520**

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**DAERICO CALHOUN**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND VACATED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 CRB 012670

**BEFORE:** E.A. Gallagher, A.J., Stewart, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** May 3, 2018

**ATTORNEY FOR APPELLANT**

John Corrigan
19885 Detroit Road, #335
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
City of Cleveland Law Director
By: Kimberly G. Barnett-Mills
Chief Assistant Prosecutor
Angela Rodriguez
Assistant City Prosecutor
1200 Ontario Street
Justice Center, 8th Floor
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, A.J.:

{¶1} Defendant-appellant Daerico Calhoun appeals his convictions for domestic violence and endangering children in the Cleveland Municipal Court. For the following reasons, we reverse.

### I. Facts and Procedural History

{¶2} In June 2016 appellant was charged with domestic violence, endangering children and unlawful restraint. The case proceeded to a bench trial where the following facts were adduced.

{¶3} On June 22, 2016, appellant's 11-year-old son (hereinafter referred to as "Son") attended the Cavaliers championship parade with his grandmother and appellant's mother (hereinafter referred to as "Grandmother"). After the parade, Grandmother dropped Son off

with his mother (hereinafter referred to as "Mother"). Appellant and Mother have been separated for ten years and do not have a relationship beyond their parenting responsibilities for Son.

{¶4} Appellant and Mother had previously discussed appellant providing Son with $20 for a field trip, and after the parade, Mother took Son to Grandmother's apartment building so that appellant could give Son the money. After Mother parked in the Grandmother's lot, appellant appeared and opened Son's passenger door and confronted him about a lie appellant believed his son had told. Son testified that appellant grabbed his arm, started shaking him and removed him from the car. Appellant yelled at Son about lying and poked him once in the chest.

{¶5} Mother intervened and demanded that appellant release Son. Mother testified that appellant pushed her away with his forearm and she "kind of went back into the car." Grandmother testified that appellant and Mother were engaged in a tug of war over Son and she demanded they stop fighting. Appellant released Son and engaged in a shouting match with Mother. Son then entered the car, which Grandmother then moved to assist Mother in exiting the parking lot and implored her to leave. Before Mother could leave she was punched in the face by appellant's girlfriend and appellant ordered her to stop. Mother left the scene with Son and reported the incident to police.

{¶6} The trial court found appellant guilty of domestic violence and endangering children but not guilty of unlawful restraint. The trial court imposed a 180-day jail sentence on both counts with credit for three days served and suspended the remaining jail time. The court imposed one year of active probation with the requirement that appellant attend anger management and parenting classes.

**II. Law and Analysis**

{¶7} In his two assignments of error, appellant argues that the state failed to present sufficient evidence to support his convictions for domestic violence and child endangering. We address his assignments of error together.

{¶8} A challenge to the sufficiency of the evidence supporting a conviction requires a determination of whether the city has met its burden of production at trial. *State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-Ohio-20, ¶ 41, citing *State v. Thompkins*, 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541. When reviewing the sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In a sufficiency inquiry, an appellate court does not assess whether the city's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction. *State v. Starks*, 8th Dist. Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25, citing *Thompkins* at 387; *Jenks* at paragraph two of the syllabus.

{¶9} The city argues that sufficient evidence was introduced at trial to support a conviction for domestic violence in violation of R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). "Physical harm" is "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

**{¶10}** We find no evidence in the record to establish that appellant's use of his forearm to push Mother away from him when Mother intervened in appellant's interaction with Son constituted an attempt to cause Mother physical harm. The city compares the present case to *State v. Stover*, 8th Dist. Cuyahoga No. 104388, 2017-Ohio-291, where we held that it was reasonable to infer that the defendant was aware that by pushing the victim so hard that she fell to the ground, he would probably cause her some injury, even if only slight and fleeting. We do not find *Stover* analogous to the present situation. Here, Mother was not harmed and testified that "He didn't like push me down." The other cases cited by the city are similarly distinguishable in that they involve actual injury or significantly greater action than the defendant pushing the victim away from him with his forearm.

**{¶11}** We conclude that the city failed to present sufficient evidence to support appellant's conviction for domestic violence.

**{¶12}** We turn next to appellant's conviction for endangering children in violation of Cleveland Codified Ordinance 609.04. The city concedes that the ordinance mirrors the language used to define the offense of endangering children under R.C. 2919.22, which provides:

> (A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. It is not a violation of a duty of care, protection, or support under this division when the parent, guardian, custodian, or person having custody or control of a child treats the physical or mental illness or defect of the child by spiritual means through prayer alone, in accordance with the tenets of a recognized religious body.
>
> (B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:
>
> (1) Abuse the child * * *.

**{¶13}** The record reflects that the complaint against appellant cited both subsection (A) and (B) when it charged him with one count of endangering children. We can begin by ruling out a violation of subsection (A). The Ohio Supreme Court has distinguished between the two types of child endangering by explaining that division (B) deals with affirmative acts of physical abuse whereas division (A) is concerned with circumstances of neglect. *State v. Kamel*, 12 Ohio St.3d 306, 309, 466 N.E.2d 860 (1984), citing *State v. Sammons*, 58 Ohio St.2d 460, 391 N.E.2d 713 (1979) (an affirmative act of abuse is a required element for a conviction under R.C. 2919.22(B); whereas subsection (A) involves acts of omission).

**{¶14}** The city argues that sufficient evidence was submitted to support a conviction under subsection (B). To establish a violation of R.C. 2919.22(B)(1), "the state must prove, beyond a reasonable doubt: (1) that the child is under eighteen years of age * * *, (2) an affirmative act of abuse, and (3) which was reckless, that is, perpetrated with heedless indifference to the consequences of the action." *State v. Hickman*, 8th Dist. Cuyahoga No. 99442, 2013-Ohio-4192, quoting *State v. Bogan*, 2d Dist. Montgomery No. 11920, 1990 Ohio App. LEXIS 2362 (June 14, 1990).

**{¶15}** The word "abuse" is not statutorily defined but this court has defined child abuse as "an act which inflicts serious physical harm or creates a substantial risk of serious harm to the physical health or safety of the child." *State v. Snyder*, 8th Dist. Cuyahoga No. 94755, 2011-Ohio-1062, ¶ 17, quoting *State v. Ivey*, 98 Ohio App.3d 249, 257, 648 N.E.2d 519 (1994). The juvenile statutes define an "abused child" as one who, "because of the acts of his parents, guardian, or custodian, suffers physical or mental injury that harms or threatens the child's health or welfare." *Newburgh Hts. v. Cole*, 166 Ohio App.3d 826, 2006-Ohio-2463, 853 N.E.2d 689, ¶ 8 (8th Dist.), quoting R.C. 2151.031(D). "In making the determination of abuse, the trial

court must look at the circumstances giving rise to the harm to the child, the disciplinary measures employed by the parent, the child's past history, and any other potential relevant factors." *Ivey* at 258. Discipline that is excessive under the circumstances will be deemed to be reckless abuse. *Cleveland v. Callahan*, 8th Dist. Cuyahoga No. 87497, 2006-Ohio-5565, ¶ 29.

**{¶16}** We find no evidence of child abuse in this instance. Son was not harmed as a result of the incident. If we accepted the city's proposition that discipline that brings a child to tears or intimidates him constitutes child abuse, we suspect that the vast majority of parents would be at risk for prosecution. The record reflects a frustrated and angered parent confronting his child over a perceived infraction in a manner that was imperfect but ultimately not harmful.

**{¶17}** We conclude the record lacks sufficient evidence to support a conviction for child endangering.

**{¶18}** Appellant's first two assignments of error are sustained. In light of our resolution of those assignments of error, we find his third assignment of error to be moot.

**{¶19}** The judgment of the trial court is reversed, and appellant's convictions are vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
ANITA LASTER MAYS, J., CONCUR