[Cite as *State v. Palmer*, 2022-Ohio-2955.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110992 |
| v. | : | |
| RICHARD PALMER, JR., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 25, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-647468-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Debora Brewer, Assistant Prosecuting
Attorney, *for appellee.*

Lydia Evelyn Spragin, *for appellant.*

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Defendant-appellant Richard A. Palmer Jr. ("Palmer") brings this appeal challenging his convictions for domestic violence and endangering children. Palmer argues that his convictions were not supported by sufficient evidence and are against the manifest weight of the evidence; the trial court erred in not excluding

evidence that was outside of the scope of the indictment; the trial court erred in concluding, after an in camera review, that records provided by the Cuyahoga County Division of Children and Family Services ("CCDCFS") did not contain any exculpatory evidence; the trial court erred in failing to give a jury instruction on parental discipline; the trial court erred in finding that domestic violence and endangering children were not allied offenses of similar import; that Palmer did not receive effective assistance of counsel; and that the trial court erred in denying Palmer's Crim.R. 29 motion. After a thorough review of the record and law, this court affirms.

## I. Facts and Procedural History

{¶ 2} The sole minor child victim in this case, O.T.,[1] was raised by her mother and her mother's live-in boyfriend, Palmer. Because her mother suffers from significant medical conditions, Palmer was a fatherlike figure to O.T. and extremely involved in her upbringing. O.T. testified as she grew older, Palmer became increasingly violent with her. His abuse was also sexual in nature, which made O.T. uncomfortable. The majority of this case was not premised on any singular event, but rather, a culmination of events occurring specifically on January 1, 2019, and further events happening between September 1, 2019, to November 1, 2019.

{¶ 3} A Cuyahoga County Grand Jury returned a five-count indictment charging Palmer with (1) rape, a first-degree felony in violation of R.C.

---

[1] D.O.B. 7/4/2005

2907.02(A)(2) with a further finding of notice of prior conviction pursuant to R.C. 2929.13(F)(6) and a repeat violent offender specification pursuant to R.C. 2941.149(A); (2) sexual battery, a third-degree felony in violation of R.C. 2907.03(A)(5); (3) – (5) gross sexual imposition, a fourth-degree felony in violation of R.C. 2907.05(A)(1); (6) endangering children, a second-degree felony in violation of R.C. 2919.22(B)(1) with a further finding of notice of prior conviction pursuant to R.C. 2929.13(F)(6) and a repeat violent offender specification pursuant to R.C. 2941.149(A); and (7) domestic violence, a first degree misdemeanor in violation of R.C. 2919.25(A). The case proceeded to a jury trial where the following facts were adduced.

{¶ 4} Palmer first became physically violent with O.T. when she was in the fifth grade. O.T. specifically recalled an incident from this time where Palmer used a backscratcher to beat O.T. if she did not correctly answer a multiplication problem. O.T. testified that as she got older, the abuse became worse because "the little things like the backscratcher and things like that didn't effect [sic] me anymore. * * *." (Tr. 367.) O.T. further testified that Palmer, on separate occasions, punched her with a closed fist, beat her with a cord, choked her, and pushed her into walls.

{¶ 5} Palmer's conduct towards O.T. was also sexual in nature. O.T. recalled an incident from January 1, 2019. On this date, Palmer provided her with alcohol. She fell asleep on the floor and was awakened by Palmer sucking and touching her breasts. O.T. also testified to an incident in November 2019 where she showed Palmer her pre-report card. Palmer responded by hugging her and touching her

vaginal area. O.T.'s testimony also establishes that on a separate occasion, Palmer rubbed his fingers on her vagina.

{¶ 6} In November 2019, O.T. ran away from home to get away from Palmer. O.T. informed a school counselor about the abuse and was thereafter placed in foster care. O.T.'s foster mother testified that she observed O.T. engaging in self-harming activity and having trouble sleeping. Caroline Hasse, O.T.'s counselor from Ohio Guidestone, testified that O.T. was reluctant to report the abuse and felt guilty because Palmer was the primary caretaker for her sick mother. She diagnosed O.T. with depressive disorder and impulse disorder. Another one of O.T.'s therapists, Jennifer Wagner, diagnosed O.T. with depression and mixed anxiety, specifically noting that O.T. was having flashbacks and suicidal thoughts.

{¶ 7} At the close of the six-day trial, defense counsel moved for a Crim.R. 29 judgment of acquittal on all charges, which the trial court denied. The jury returned a verdict finding Palmer guilty of Counts 3-5 (gross sexual imposition); Count 6 (endangering children) with a specification of serious physical harm; and Count 7 (domestic violence). The jury returned a finding of not guilty on Count 1 (rape) and Count 2 (sexual battery).

{¶ 8} At the sentencing hearing, the trial court determined that Palmer was a repeat violent offender.[2] The court imposed an 18-month prison sentence for the three counts of gross sexual imposition, which was to run concurrently with a 7-year

---

[2] At the time of sentencing, Palmer held two prior convictions for felonious assault and aggravated robbery.

prison sentence for the endangering children conviction. The court also imposed a 6-month prison sentence for the domestic violence charge, which was suspended. Palmer was further sentenced to three years of postrelease control and required to register as a Tier I sex offender.

{¶ 9} The instant appeal ensued. Palmer assigns seven errors for our review:

1. The jury verdict of guilty of endangering children is against the manifest weight and sufficiency of the evidence thereby violating the Due Process Clause of the 14th Amendment of the United States Constitution and Article I, Section 10 of the Constitution of the State of Ohio.

2. The trial court committed plain, prejudicial error when it failed to properly exclude evidence which was outside of the dates contained within the scope of the indictment.

3. In light of the fact that both Mr. Palmer and his attorneys had already received full copies of the children services records, extensively reviewed, and marked records beneficial to Mr. Palmer's theory of defense, exculpatory evidence, and fodder for cross-examination, the trial court committed reversible error when it decided, after in camera review, that the children services records did not contain any exculpatory information.

4. Mr. Palmer was deprived of his rights to a fair trial and due process of law by the trial court's failure to instruct the jury on the issue of parental discipline in violation of the 14th Amendment to the U.S. Constitution and Article I, Section 10 of the Constitution of the State of Ohio. The court committed plain error when it failed to give a jury instruction on parental discipline.

5. The trial court erred when it failed to acknowledge the charge of Child Endangerment and Domestic Violence are crimes of similar import under R.C. § 2941.25 and sentenced on both.

6. Mr. Palmer was denied a fair trial, due process of law and his Sixth Amendment right to effective assistance of counsel in violation of the Sixth Amendment and 14th Amendments to the U.S. Constitution and Article 1, Sections 10 and 16 of the Constitution of the State of Ohio.

7. Since evidence was presented which was outside the scope of the indictment which could not be received as substantive proof of guilt, the trial court erroneously overruled Mr. Palmer's Cr. R. 29 motion.

## II. Law and Analysis

## A. Sufficiency and Manifest Weight

{¶ 10} In his first assignment of error, Palmer argues that there was insufficient evidence to convict him of endangering children. Palmer also argues that his conviction of endangering children was against the manifest weight of the evidence. Palmer appears to set forth the same argument for both claims, arguing that the state did not prove that he acted recklessly, an element required to find Palmer guilty of endangering children. Palmer further argues that the state did not present any evidence demonstrating that his conduct resulted in serious physical harm to O.T.

{¶ 11} To convict Palmer of endangering children, the state was required to prove beyond a reasonable doubt that he abused the child on or about September 1, 2019, to November 1, 2019. R.C. 2919.22(B)(1). To support a conviction under R.C. 2919.22(B)(1), "'the state must prove, beyond a reasonable doubt: (1) that the child is under eighteen years of age * * *, (2) an affirmative act of abuse, and (3) which was reckless, that is perpetrated with heedless indifference to the consequences of the action.'" *State v. Hickman,* 8th Dist. Cuyahoga No. 99442, 2013-Ohio-4192, ¶ 17, quoting *Newburgh Hts. v. Cole*, 166 Ohio App.3d 826, 2006-Ohio-2463, 853 N.E.2d 689, ¶ 8 (8th Dist.). This court has previously noted that while R.C. 2919.22

does not define "abuse," an abused child is defined in R.C. 2151.031(D) as one who "suffers physical or mental injury that harms or threatens to harm the child's health or welfare." *State v. Moore*, 8th Dist. Cuyahoga No. 94446, 2011-Ohio-454, ¶ 10. The state further alleged that the abuse resulted in serious physical harm to O.T., making the offense a third-degree felony. R.C. 2919.22(E)(2)(c).

{¶ 12} A manifest weight challenge and a sufficiency of the evidence challenge are two distinct challenges to the evidence presented. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25.

{¶ 13} "A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law." *State v. Parker*, 8th Dist. Cuyahoga No. 110716, 2022-Ohio-1237, ¶ 7, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The relevant inquiry in a sufficiency challenge is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime existed beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. When making a sufficiency determination, an appellate court does not review whether the state's evidence is to be believed but whether, if believed, the evidence admitted at trial supports the conviction. *State v. Starks*, 8th Dist. Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25, citing *Thompkins* at 387. Under a sufficiency challenge, witness credibility is immaterial; the appellate court must defer to credibility determinations of the trier of fact and only review issues of law. *Parker* at ¶ 7.

{¶ 14} Palmer first argues that the jury could not have found him guilty of endangering children because the prosecution did not present any evidence upon which the jury could conclude that he acted recklessly, one of the elements that the state was required to prove to convict him of endangering children.

{¶ 15} The provided jury instructions defined "recklessly" as:

A person acts "recklessly" when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and justifiable risk that such circumstances are likely to exist.

{¶ 16} The jury heard multiple witnesses discuss instances of Palmer's physical and sexual abuse of O.T. During trial, the jury heard O.T. testify that in November of 2019, Palmer pushed her against a wall when she tried to run away from home because she wanted to get away from Palmer. O.T. also testified that around this time, she showed Palmer her pre-report card and he hugged her, eventually moving his hands down to her vagina and that the incident made her uncomfortable. Regine Wells, a social worker from CCDCFS, noted that her personal investigation resulted in a finding that Palmer was physically and sexually abusive towards O.T. Sergeant Arnaldo Torres from the Cleveland Police Department testified that Palmer told him that he hit her with an extension cord and grabbed her by the neck and choked her to prevent her from leaving the home. Caroline Hasse, O.T.'s counselor from Ohio Guidestone, noted that O.T. refused to return home due to the abuse she was suffering by Palmer. The overwhelming

evidence presented at trial indicates that Palmer's abuse was purposeful, and in fact culminated in the form of both physical violence and unwanted sexual conduct on more than one occasion during the scope of the indictment. Given this, we cannot say that the evidence presented, if believed, does not reflect heedless indifference to O.T.'s safety, security, and well-being.

{¶ 17} Palmer also argues that the prosecution did not present any evidence to substantiate a further finding of serious physical harm pursuant to R.C. 2919.22(E)(2)(c). The statutory definition of "serious physical harm" includes "any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment." R.C. 2901.01(A)(5)(a). Palmer argues that "serious physical harm" requires expert testimony but cites no law supporting this proposition. Indeed, serious physical harm does not require expert medical testimony; it is simply an element that the state must prove beyond a reasonable doubt. *State v. Laney*, 6th Dist. Williams No. WM-18-004, 2019-Ohio-2648, ¶ 27. Our review of the evidence reveals that evidence presented at trial demonstrates that O.T. suffers from serious mental health conditions as a result of Palmer's abuse. O.T. testified that after placement with a foster family, she began seeing counselors once a week because she was depressed, not sleeping, and engaging in self-harm activities. Regine Wells referred O.T. to mental health services after speaking with O.T. Jennifer Wagner unequivocally noted, and testified at trial, that O.T. should continue with psychiatric counseling as a result of her mental health diagnosis. Further, O.T. testified that she tried to overdose on her depression medication after

she left the house. The evidence presented at trial overwhelmingly supports that O.T. could require prolonged psychiatric treatment as a result of Palmer's abuse. We therefore find Palmer's claim that there was no evidence of serious physical harm completely unfounded.

{¶ 18} Palmer also challenges the manifest weight of the evidence, setting forth the same arguments used under the sufficiency challenge.

{¶ 19} "'[W]eight of the evidence involves the inclination of the greater amount of credible evidence.'" *State v. Harris*, 8th Dist. Cuyahoga No. 109060, 2021-Ohio-856, ¶ 32, quoting *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541. Weight of the evidence examines "'the evidence's effect of inducing belief.'" *Id.*, quoting *Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, at ¶ 25, citing *Thompkins* at 386-387. In reviewing a manifest weight claim, the court must consider all of the evidence in the record, the reasonable inferences made from it, and the credibility of the witnesses to determine ""whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice[.]"'" *Id.*, quoting *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). Finally, the discretionary power to grant a new trial should be reserved for exceptional cases where "the evidence weighs heavily against the conviction." *Thompkins* at 387.

{¶ 20} In the instant matter, Palmer does not distinguish his sufficiency arguments from his manifest weight arguments and fails to point us to any issues of witness credibility or unreasonable inferences that could have been drawn. In our

sufficiency analysis, we noted that an abundance of testimony was presented upon which the jury could have concluded that Palmer endangered O.T., multiple times and with multiple methods, between September 1, 2019, to November 1, 2019.

{¶ 21} Our examination of the record reveals that this is not the exceptional case where the evidence weighs heavily against conviction. The jury was free to believe all witnesses and make reasonable inferences from all evidence presented, and we cannot say that any of the evidence presented weighs heavily against conviction. Accordingly, Palmer's first assignment of error is overruled.

## B. Scope of the Indictment

{¶ 22} In his second assignment of error, Palmer argues that the trial court committed plain error by failing to exclude testimony elicited at trial that exceeded the scope of the indictments. In support of his argument, Palmer specifically states that testimony about the backscratcher, a choking incident, and a TikTok video that was played for the jury were outside of the scope of the indictment. Palmer argues that the indictments for endangering children and domestic violence alleged that the conduct occurred between September 1, 2019, to November 1, 2019, and those are the dates that the defense utilized in preparing Palmer's defense.

{¶ 23} As a preliminary matter, we note Palmer failed to object to all of the alleged errors at trial, so all error is waived unless it is plain error.

> In the absence of objection, any error is deemed to have been waived unless it constitutes plain error. To constitute plain error, the error must be obvious on the record, palpable and fundamental so that it should have been apparent to the trial court without objection. See *State v. Tichon*, 102 Ohio App.3d 758, 767, 658 N.E.2d 16 (1995).

> Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. *State v. Waddell*, 75 Ohio St.3d 163, 166, 661 N.E.2d 1043 (1996). Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Phillips*, 74 Ohio St.3d 72, 83, 656 N.E.2d 643 (1995).

*State v. Potter*, 8th Dist. Cuyahoga No. 81037, 2003-Ohio-1338, ¶ 43.

{¶ 24} Palmer first cites O.T.'s testimony that Palmer repeatedly hit her with a wooden backscratcher when she was in the fifth grade. Palmer notes that the dates of the indictment were September 1, 2019, through November 1, 2019, which was when O.T. was in the ninth grade. Palmer did not object to the testimony regarding the backscratcher during the trial and elicited more information about the backscratcher from O.T. on cross-examination, presumably in an attempt to demonstrate to the jury that the backscratcher testimony was outside of the scope of the indictment. Given the significant evidence other than the beatings with the backscratcher already discussed herein, it seems impossible to conclude that the limited exclusion of the testimony regarding the backscratcher would have changed the outcome at trial. This argument is without merit.

{¶ 25} Palmer also argues that any evidence that Palmer choked O.T. was outside of the scope of the indictment. A review of the record actually reveals that the jury heard conflicting testimony regarding the choking incident. O.T. testified that the choking incident occurred when she was younger, in sixth or seventh grade. Sergeant Torres, however, testified that Palmer admitted to choking O.T. and grabbing her by the neck to prevent her from leaving the home, which could have

occurred when O.T. left the home in November 2019. Since the record does not conclusively establish that Palmer choking O.T. was outside of the scope of the indictment, this argument is also without merit.

{¶ 26} Finally, Palmer cites a TikTok video that was played for the jury that allegedly showed marks on O.T.'s body. The state noted that O.T. was significantly younger in this video. After viewing it outside of the presence of the jury, Palmer requested that the video be introduced into evidence and shown to the jury, even after a lengthy sidebar discussion in which the court and state recognized that it may be prejudicial because of the fact that it is outside of the scope of the indictment. Plainly, Palmer cannot assign an error that he introduced. "'Under the settled principle of invited error, a litigant may not take advantage of an error which he himself invited or induced.'" *State v. Frazier*, 8th Dist. Cuyahoga No. 104596, 2017-Ohio-470, ¶ 12, quoting *State v. Murphy*, 91 Ohio St.3d 516, 535, 747 N.E.2d 765 (2001). We therefore find that because Palmer's counsel moved to introduce the TikTok video, any error relating to it is waived.

{¶ 27} Given the foregoing, Palmer's second assignment of error is overruled.

### C. Child and Family Services Records

{¶ 28} In his third assignment of error, Palmer argues that the trial court erred in disallowing him from utilizing records from CCDCFS that he marked and prepared for his defense.

{¶ 29} At the outset, Palmer concedes that this assignment of error is likely moot because he served his sentence for the three counts of gross sexual imposition.

We agree, but even if Palmer did not concede this statement, we still find that the trial court did not err.

**{¶ 30}** Trial courts are vested with broad discretion to admit or exclude evidence, and this court will not disturb a trial court's decision absent an abuse of discretion. *Cleveland v. Alrefaei*, 2020-Ohio-5009, 161 N.E.3d 53, ¶ 27 (8th Dist.). A trial court abuses its discretion only if its decision is unreasonable, arbitrary, or unconscionable. *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 13; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Palmer, as the appellant, bears the burden of demonstrating error on appeal. *Davis v. Wesolowski,* 2020-Ohio-677, 146 N.E.3d 633, ¶ 29 (8th Dist.), citing *Stancik v. Hersch*, 8th Dist. Cuyahoga No. 97501, 2012-Ohio-1955.

**{¶ 31}** Palmer received the entirety of the CCDCFS records and states that he marked applicable sections to aid in his defense. The trial court reviewed these documents, ultimately concluding that they did not contain any exculpatory evidence. We are, however, constrained in our review because Palmer fails to point us to any specific portions of the documents that contain exculpatory evidence. In failing to highlight specific exculpatory provisions, Palmer fails to demonstrate that he was prejudiced by the trial court's determination that he could not utilize the CCDCFS records for his defense. Accordingly, Palmer's third assignment of error is overruled.

## D. Parental Discipline

{¶ 32} In his fourth assignment of error, Palmer argues that the trial court committed plain error by failing to sua sponte instruct the jury on reasonable parental discipline.

{¶ 33} Reasonable parental discipline may be raised as an affirmative defense to both domestic violence and endangering children. *Westlake v. Y.O.*, 8th Dist. Cuyahoga No. 107226, 2019-Ohio-2432, ¶ 23; *State v. Perez*, 8th Dist. Cuyahoga No. 108245, 2020-Ohio-100, ¶ 12. Palmer concedes in his brief that defense counsel did not raise the affirmative defense of parental discipline. Appellant's brief at 18. Further, the record is void of any requests for jury instructions on reasonable parental discipline, and there are no objections to the jury instructions as given. Since Palmer's trial counsel did not request a jury instruction, all but plain error is waived. *State v. Edgerson*, 8th Dist. Cuyahoga No. 101283, 2015-Ohio-593, ¶ 15.

{¶ 34} We find that there was very limited discussion of parental discipline during the trial. Palmer's counsel suggested that Palmer's actions could have been parental discipline and briefly stated that Palmer acted as a disciplinarian in his opening statement. While O.T. seemed to concede that the use of the backscratcher was a form of discipline, none of Palmer's other conduct towards O.T. was couched as parental discipline. Palmer's defense relied heavily on the credibility of O.T. — portraying her as a young, inconsistent, and dishonest witness. Upon examination of the record and the limited notions of parental discipline alluded to, we cannot say

that a jury instruction on reasonable parental discipline would have affected trial outcome. Because parental discipline was not an overwhelming element of Palmer's defense and because parental discipline was only sparingly raised, and trial counsel did not object to the issuance of the jury instructions, we find that the trial court did not err in failing to order a jury instruction on reasonable parental discipline.

{¶ 35} Accordingly, Palmer's fourth assignment of error is overruled.

### E. Allied Offenses of Similar Import

{¶ 36} In his fifth assignment of error, Palmer argues that the trial court erred in failing to acknowledge that the charges of endangering children and domestic violence are crimes of similar import under R.C. 2941.25 and proceeded to sentence on both offenses. Palmer argues that the backscratcher testimony, which was outside of the scope of the indictment, was the sole basis for Palmer's domestic violence and endangering children convictions. We disagree.

{¶ 37} Palmer did not object to the imposition of the separate sentences for endangering children and domestic violence at sentencing. Therefore, he forfeited all but plain error with respect to the arguments advanced in this appeal. *State v. Brownlee*, 8th Dist. Cuyahoga No. 106395, 2018-Ohio-3308, ¶ 12, citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21. However, the Ohio Supreme Court has held that the imposition of multiple sentences for allied offenses of similar import connotes plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31.

{¶ 38} Under R.C. 2941.25(A), "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." However,

> [w]here the defendant's conduct constitutes two or more offenses of dissimilar import, or where his [or her] conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25(B).

{¶ 39} R.C. 2941.25(B) instructs courts to utilize a three-part inquiry to determine whether a defendant can be convicted of multiple offenses if those offenses arose from the same act or transaction:

> (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31.

{¶ 40} The jury found Palmer guilty of endangering children under R.C. 2919.22(B)(1), which necessitated a finding that Palmer abused the child. While R.C. 2919.22 does not define "abuse," an abused child is defined in R.C. 2151.031(D) as one who "suffers physical or mental injury that harms or threatens to harm the child's health or welfare." *Moore*, 8th Dist. Cuyahoga No. 94446, 2011-Ohio-454, at ¶ 10. Palmer argues that because endangering children is not a sexually oriented offense, the only evidence upon which this conviction was based could be the

backscratcher testimony. Palmer further alleges that one of the instances of supposed physical abuse was actually Palmer and O.T. engaging in mutual combat. First, we note that the evidence presented at trial indicates that numerous acts of physical abuse occurred on separate occasions. Even excluding the backscratcher incident and the testimony regarding mutual combat, the evidence demonstrated multiple instances of physical abuse, as previously discussed.

{¶ 41} Further, Palmer is correct that pursuant to R.C. 2950.01, a violation of R.C. 2919.22(B)(1) is not considered a sexually oriented offense under which a conviction could require an offender to register as a sex offender and follow other statutory requirements. However, this does not mean that the abuse that forms the basis for the conviction cannot be sexual in nature because sexual conduct could certainly cause a child to suffer physical or mental injury that threatens the child's health or welfare. This court has previously upheld endangering children where sexual conduct formed the basis of the conviction. *See, e.g.*, *State v. A.M.*, 8th Dist. Cuyahoga No. 110977, 2022-Ohio-2044; *State v. D.S.*, 8th Dist. Cuyahoga No. 109346, 2021-Ohio-1725; *State v. Butts*, 8th Dist. Cuyahoga No. 108381, 2020-Ohio-1498; *State v. Stephens*, 8th Dist. Cuyahoga No. 104112, 2016-Ohio-7492; *State v. Jay,* 8th Dist. Cuyahoga No. 91827, 2009-Ohio-4364, ¶ 17, *remanded on other grounds*, 130 Ohio St.3d 239, 2011-Ohio-5161, 957 N.E.2d 276; *State v. Hlavsa*, 8th Dist. Cuyahoga No. 76220, 2000 Ohio App. LEXIS 2631 (June 15, 2000). We therefore find that the incident where Palmer touched O.T.'s vagina, as

well as the numerous other acts of physical violence evinced at trial, could have been the basis for Palmer's endangering children conviction.

{¶ 42} The jury also found Palmer guilty of domestic violence under R.C. 2919.25(A), which necessitated a finding that Palmer knowingly caused or attempted to cause physical harm to a household member. Palmer argues that the backscratcher testimony alone was used to convict Palmer of both domestic violence and endangering children. We find this argument thoroughly without merit. As previously stated, the state presented ample evidence demonstrating that Palmer caused physical harm to O.T. well beyond the backscratcher and single incident of mutual combat. Additional acts include pushing O.T. into walls, punching her, choking her, and beating her with extension cords.

{¶ 43} Both domestic violence and endangering children are supported by separate and distinct conduct pursuant to R.C. 2941.25(B). As such, we cannot say that the trial court erred in imposing sentences for both endangering children and domestic violence.

{¶ 44} Palmer had "the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus." *Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 3. Absent this showing, Palmer cannot demonstrate that the trial court committed plain error by not inquiring whether the convictions merge. *Id.* Plainly, Palmer failed to meet this burden and as such, his fifth assignment of error is overruled.

## F. Ineffective Assistance of Counsel

{¶ 45} In his sixth assignment of error, Palmer argues that he was denied his right to effective assistance of counsel.

{¶ 46} Palmer, however, does not set forth a separate argument or make any arguments regarding the effectiveness of his trial counsel pursuant to App.R. 16(A).[3] Under App.R. 12(A)(2), this court may disregard any assignment of error if the appellant fails to make a separate argument. *Cleveland v. Taylor*, 8th Dist. Cuyahoga No. 109371, 2021-Ohio-584, ¶ 87, citing *State v. Wells*, 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, ¶ 55. Furthermore, the burden is exclusively on Palmer to establish that counsel's performance fell below an objective standard of reasonable representation and prejudiced the defense. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. We, therefore, find that Palmer has not complied with App.R. 16 and 12 and furthermore, has not met his burden in failing to present any arguments. Palmer's sixth assignment of error is overruled.

## G. Crim.R. 29

{¶ 47} In Palmer's final assignment of error, he argues that the trial court erroneously overruled his Crim.R. 29 motion. In support of this argument, Palmer notes that because evidence was presented that was outside of the scope of the

---

[3] In his brief, Palmer appears to concede that trial counsel was effective. He states, "Now, Mr. Palmer admits that his counsel did not raise the affirmative defense below; however, we believe that was not due to his ineffectiveness as counsel but to the State's proffering evidence that was outside the scope of the indictment and thus, caught the defense by surprise." Appellant's brief at 18.

indictment, the trial court erred in denying the motion. Palmer confines his assignment of error to the offense of endangering children and restates his exact arguments from his second assignment of error.

> A Crim.R. 29(A) motion for acquittal tests the sufficiency of the evidence. *State v. Hill*, 8th Dist. Cuyahoga No. 98366, 2013-Ohio-578, ¶ 13. Accordingly, we review a trial court's denial of a defendant's motion for acquittal using the same standard we apply when reviewing a sufficiency-of-the-evidence challenge. *Id.*

*State v. Williams*, 8th Dist. Cuyahoga No. 105590, 2018-Ohio-845, ¶ 26.

{¶ 48} Palmer's entire basis for this assignment of error is a restatement of his arguments from his second assignment of error. Because we overruled all of Palmer's claims in his second assignment of error, we do not find any reason to sustain them here. Further, the sufficiency of the evidence presented for the claim of endangering children was evaluated in Palmer's first assignment of error, and we found that sufficient evidence existed to support the conviction. Accordingly, Palmer's seventh assignment of error is overruled.

### III. Conclusion

{¶ 49} After thoroughly reviewing the record and law, we affirm the trial court's judgment. Palmer's conviction for endangering children was based on sufficient evidence and was not against the manifest weight of the evidence. Palmer failed to demonstrate plain error regarding the evidence that he claimed was outside of the scope of the indictment. Palmer conceded that the CCDCFS records were likely moot because he has served his sentence for gross sexual imposition, but regardless, Palmer failed to point out any specific portions of the records that were

exculpatory. The trial court did not err in presenting a jury instruction on parental discipline when the defense never raised such an instruction or relied on parental discipline as an affirmative defense. Domestic violence and endangering children were not crimes of similar import because separate and distinct conduct could support each conviction. Palmer failed to meet his burden and present any arguments for ineffective assistance of counsel. Finally, the trial court did not erroneously overrule Palmer's Crim.R. 29 motion because the conviction for endangering children was supported by sufficient evidence.

{¶ 50} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

ANITA LASTER MAYS, P.J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY